IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON W. COURTNEY, | : | |
| Plaintiff | : | Civil Action 2:08-cv-807 |
| v. | : | Judge Holschuh |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

OPINION AND ORDER

On August 21, 2008, Plaintiff Vernon W. Courtney filed this action pursuant to 42 U.S.C. §405(g), seeking review of the Commissioner's final decision denying his application for a period of disability and disability insurance benefits and supplemental security income. On June 30, 2009, the Magistrate Judge issued a Report and Recommendation that the decision of the Commissioner of Social Security be affirmed. This matter is now before the Court pursuant to Plaintiff's objections (Doc. 18).

Plaintiff raises two objections to the Report and Recommendation. The first is that the Magistrate Judge improperly found that the ALJ was not required to address the mental residual functional capacity assessment of Dr. Nickless, a state agency physician. The second is that the Magistrate Judge erred in finding that the ALJ properly articulated Plaintiff's physical residual functional capacity capacity to

1

the vocational expert and in his written opinion.

### Dr. Nickless' assessment

Plaintiff applied for disability insurance benefits on a prior occasion, in 2000. On February 13, 2002, Administrative Law Judge Barbara L. Beran issued an unfavorable decision on this application. In it, she made a residual mental functional capacity determination ("MRFC"). Plaintiff's appeal of this decision was denied, and he applied anew on October 28, 2003, alleging that he had been disabled since the day after the Appeals Council's ruling on his appeal.

In December 2003, during the pendency of Plaintiff's second application, he was examined by a state agency psychological consultant, James N. Spindler, M.S. Mr. Spindler issued a report generally finding that Plaintiff suffered from no significant mental impairment. However, on February 15, 2004, Dr. Cynthia J. Nickless, a state agency psychologist, prepared a form mental residual functional capacity assessment. This assessment stated that Plaintiff's mental abilities were markedly or moderately limited in many areas. Instead of stating that Dr. Nickless had developed this assessment from a review of Plaintiff's record, however, it recited in the space allotted for conclusions: "The MRFC given is an adoption of the ALJ MRFC dated 2/13/02. The MRFC is being adopted under AR98-4 (Drummond Ruling)."

Plaintiff did not raise an argument in his briefing below or in his statement of errors in this action that the ALJ in this case should have been bound by Judge

Beran's MRFC pursuant to *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). The Magistrate Judge noted in his report and recommendation that, as the issue was not before the Court on appeal, it would not be addressed (Doc. 17 at 24.) However, the ALJ in this case made no reference in his opinion to Dr. Nickless' assessment, except to state generally that he had considered state agency psychologists' opinions. Plaintiff now argues on objection to the report and recommendation that ALJs must consider findings of state agency psychologists as opinion evidence, and that the failure to address Dr. Nickless' opinion was reversible error.

Medical opinions are defined at 20 C.F.R. §404.1527(a)(2) as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." Furthermore, §1527(f)(2)(i) states that "administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." Here, however, Dr. Nickless did not purport to make any "judgments" or "findings" of her own. Her comments on the form recited that "[t]he MRFC given is an adoption of the ALJ MRFC dated 2/13/02." Plaintiff proposes that Dr. Nickless' "use of the *Drummond* Ruling necessitated an examination of the evidence to determine whether there was new and material evidence on file which would change the previous ALJ determination." There is no basis for hypothesizing that

3

Dr. Nickless reviewed the subsequent record, as she did not say that she had. Moreover, had she engaged in the process of determining whether new evidence "would change the previous ALJ determination," she would have been offering a finding on a legal issue reserved for the Commissioner, not offering her own medical opinion as to Plaintiff's functional capacity.

The Magistrate Judge's conclusions on this issue were therefore correct. Dr. Nickless' statement plainly included, in effect, a disclaimer stating that the form simply recorded a mental residual functional capacity previously adjudged by an ALJ. It was therefore by its nature not an opinion of a state agency psychologist, and was not entitled to be evaluated as such and specifically addressed in the second ALJ's decision. Plaintiff might have asserted in the course of his second benefits application that he was entitled to the *Drummond* effect of the finding thus memorialized. He did not, however, and cannot now raise this issue by arguing that the first ALJ's finding was also Dr. Nickless' own medical opinion.

Finally, a medical expert testified at the hearing. That expert reviewed the medical record and heard Plaintiff testify. The ALJ had the opportunity to ask the doctor questions about the medical evidence and the doctor's evaluation of that evidence. Under these circumstances, the ALJ had no reason to consider controlling Dr. Nickless' opinion on the limitations imposed by Plaintiff's impairments.

### Physical residual functional capacity assessment

At Plaintiff's hearing, Dr. Gordon B. Snider, M.D. testified as a medical

4

expert. The ALJ asked him to offer his opinion as to Plaintiff's residual functional capacity ("RFC"). A vocational expert was also called upon to testify. The ALJ asked him the following question:

> I'm going to ask you to assume and [sic] individual with the residual functional capacity identified by Dr. Snider. And then the second hypothetical I'll ask you to include some additional limitations. With the limitations identified by Dr. Snider, would such an individual be capable of performing any of the claimant's past work?

(Admin. Tr. at 1084.) The expert thereupon gave his opinion as to Plaintiff's vocational opportunities. Later, in his written opinion, the ALJ stated that "[Plaintiff] has the physical capacities to which the medical expert testified." This statement was followed by approximately four pages of quotations from Dr. Snider's testimony, detailing Plaintiff's residual physical capacity.

Plaintiff argues that the ALJ committed two errors: he failed to properly articulate his physical residual functional capacity assessment to the vocational expert, and failed to do so in his written opinion as well. He states that, in the first place, the ALJ failed to provide the vocational expert with a clear hypothetical question. Plaintiff maintains that "[a]t the hearing Judge Griesheimer never affirmatively discussed the claimant's residual functional capacity, he merely deferred to the medical expert", and that the ALJ "failed to set forth any residual functional capacity at all." (Doc. 18 at 6.) He further avers that, as a result of this failure, "the vocational expert was not presented with a precise and clear picture of the claimant's impairments," and that therefore the vocational expert's testimony was not substantial evidence upon which a decision could be based.

5

This objection is without merit. The ALJ's question to the vocational expert made it clear that he planned to adopt Dr. Snider's residual functional capacity assessment, and that it was Dr. Snider's opinion upon which the vocational expert should base his assessment of Plaintiff's prospects. Asking the expert to assume Dr. Snider's RFC provided, in a sense, a more precise hypothetical question than if the ALJ had stated a summary of his own conclusions. There is no reason to think that the vocational expert would have had a better basis for his own testimony if the ALJ had recited Dr. Snider's opinion aloud himself instead. Plaintiff argues that "[e]ven though the vocational expert was in the hearing room at the time of the medical expert's testimony, listening to the testimony of an expert, with questions and answers interspersed, is different than assessing a firm statement." However, the record is simply devoid of any indication that the vocational expert was confused by the proceedings or did not understand the RFC which the ALJ asked him to assume. Plaintiff's claim that the ALJ's shortcut invalidated the vocational expert's testimony is without merit.

Similarly, Plaintiff's claim that the ALJ's decision does not clearly lay out Plaintiff's physical residual functional capacity is also without merit. As the Magistrate Judge found, the ALJ's explicit holding that "[P]laintiff has the physical capacities to which the medical expert testified," followed by four pages of Dr. Snider's quoted testimony, clearly and abundantly set forth the precise physical capacity assessment which the ALJ adopted. As the Magistrate Judge held:

He quoted the relevant portions of Dr. Snider's testimony which

6

> outlined that capacity: that Courtney could not be at heights or operating a motor vehicle, that Courtney could lift 20 pounds occasionally and 10 pounds frequently, that Courtney needed to work in an air conditioned environment, etc. While the ALJ could have restated Dr. Snider's opinion in his own words, or simplified it to avoid lengthy quotation, there is no question as to what opinion the ALJ adopted as his finding.

(Doc. 17 at 28.) The Court cannot give credence to Plaintiff's contention that the ALJ's "failure to clearly articulate the residual functional capacity results in a failure to apprise those parties involved of his decision regarding the claimant's residual functional capacity." (Doc. 18 at 5) Although the manner in which the ALJ chose to express his RFC decision is unusual, his findings are unmistakable – he agreed with Dr. Snider in full.

### Conclusion

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge (Doc. 17) is **ADOPTED**. Plaintiff's Objections (Doc. 18) are **OVERRULED**. The decision of the Commissioner is **SUSTAINED**. This action is **DISMISSED**.

Date: 9-14-09

John D. Holschuh
United States District Judge